IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                             ORDER

      v.                                          07-cr-109-bbc-2

TERESA M. FONSECA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Teresa M. Fonseca's supervised release was held on September 26, 2014, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Robert A. Anderson. Defendant was present in person and by counsel, Kelly Welsh. Also present was Deputy Chief United States Probation Officer Tracy L. Russom.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 30, 2008, following her conviction for conspiracy to possess with intent to distribute 50 or more grams of a mixture or substance containing methamphetamine, a Schedule II controlled substance,

in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846, a Class B felony. She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 84 months, with a 48-month term of supervised release to follow.

Defendant began her term of supervised release on September 24, 2013 in the Southern District of Texas. She violated Special Condition No. 4, requiring her to abstain from the use of alcohol and illegal drugs, as evidenced by a positive test for cocaine that resulted when she submitted a urine sample on May 19, 2014.

Defendant's conduct falls into the category of a Grade C violation. Section § 7B1.1(a)(3)(B) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's criminal history category is II. With a Grade C violation, she has an advisory guideline imprisonment range of 4 to 10 months. The statutory maximum to which she can be sentenced is 36 months because the underlying offense is a Class B felony.

Defendant's living situation in Texas has been unstable throughout most of her term of supervision. She was previously offered the opportunity for placement at a residential reentry center to allow her to establish a more secure residence, but she declined the offer. The Southern District of Texas requested a warrant for defendant's arrest after she tested

2

positive for cocaine and was subsequently arrested for a charge that remains pending. The Southern District of Texas has since indicated that it is not willing to continue courtesy supervision of defendant.

I find that, although the violation before this court may not require revocation, defendant is still in need of a suitable and stable residence. After reviewing the non-binding policy statements under Chapter 7 of the Sentencing Guidelines and the factors associated with the case, I will amend defendant's conditions of supervised release to hold her accountable for her actions and to provide her with an opportunity to obtain employment and a residence in the Western District of Wisconsin, where she has not lived since 2007.

ORDER

IT IS ORDERED that the conditions of supervised release imposed on defendant Teresa Fonseca on January 30, 2008, are amended to include the following special condition:

> Defendant is to spend 180 days of her supervision in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay her own medical expenses, if any, and is to pay 25% of her gross income toward the cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

In all other respects, the conditions of defendant's supervised release remain as

entered on January 30, 2008.

Defendant's release from custody is stayed until bed space becomes available at a residential reentry center.

Entered this 26th day of September, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge